Filed 5/3/23  In re Aurora S. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re AURORA S. et al., Persons Coming Under the Juvenile Court Law. | B314602 (Consol. w/B320081) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. Nos. 19CCJP04242A–B |
| Plaintiff and Respondent, | |
| v. | |
| D.S., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Philip L. Soto, Judge.  Appeal dismissed.

Janelle B. Price, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Mother D.S. (Mother), the appellant, has two children, Aurora, a 16-year-old, and Austin, a 14-year-old, who are the subject of this appeal. On July 3, 2019, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition under section 300, subdivisions b(1) and (j) of the Welfare and Institutions Code. DCFS alleged that (1) Mother had a limited ability to care for the children as both children presented with unique behavioral challenges, and (2) Mother left the children without supervision. All further references to statutory provisions will be to the Welfare and Institutions Code.

On July 5, 2019, the trial court detained the children from Mother. On August 29, 2019, the trial court found a basis for jurisdiction and sustained the allegation that Mother had a limited ability to care for the children. The court ordered that the children be removed from Mother's care, and ordered that Mother was to have monitored visits with the children. The trial court also ordered that Mother was to complete reunification services.

On February 27, 2020, at the six-month review hearing, Mother retained private counsel and the court relieved appointed counsel from representing Mother. The court found that Mother's progress regarding her reunification services had not been substantial, and ordered that the children were to remain in placement. On August 27, 2020, at the 12-month review hearing, the court found that Mother was in partial compliance with her case plan. The trial court did not return the children to Mother's care at the twelve-month review.

On December 4, 2020, Mother filed the first of three Request to Change Court Order, which is also known as a "388

2

motion" because the statutory basis for it is found at section 388. In her first 388 motion, Mother sought return of the children to her care, and the trial court set Mother's request for a hearing. On January 6, 2021, the trial court addressed Mother's 388 motion together with the 18-month review hearing. The court denied Mother's motion, and did not return the children to Moher's care. With regard to the review hearing, the court terminated Mother's reunification services and set a hearing under section 366.26 to select a permanent plan for the children.

On May 5, 2021, Mother filed a second section 388 motion. Although she was represented by private counsel, Mother filed her own motion. In her motion, Mother asked the trial court to dismiss the petition or to offer her further reunification services. On May 6, 2021, the trial court calendared the hearing in Aurora's case. The court later set the 388 hearing for Austin's case as well.

On July 6, 2021, the trial court heard Mother's second 388 motion. At this hearing, Mother was again represented by appointed counsel. The trial court denied Mother relief with regard to Aurora and found that further visitation between Mother and Aurora would be detrimental to Aurora. Therefore, the court halted Mother's visits with Aurora. With regard to Austin, the court granted Mother some portion of her request. The trial court ordered further visitation with Austin for Mother, and ordered DCFS to provide Mother with new referrals for her case plan. The trial court did not, however, reinstate Mother's reunification services for either child.

On March 29, 2022, Mother filed a third 388 motion which she filed on her own behalf even though she was represented by counsel. Mother again requested that the court terminate

jurisdiction and alternatively requested further reunification services. On March 30, 2022, the trial court denied Mother's third 388 motion without granting a hearing.

Mother appeals the trial court's denial of her second and third 388 motions. Mother makes four claims in her supplemental brief: she claims that this entire case is based on a fraud involving the maternal grandmother and the DCFS; she argues her right to equal protection under the federal constitution was violated; she argues that the court denied her counsel of her choosing; and she claims the trial court allowed the children to decide if visitation would occur.

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant bears the burden of establishing error. Where an appellant does not establish an error, we may dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Unlike in a criminal case, we have no duty to conduct an independent review of the record. (*In re Phoenix H* (2009) 47 Cal.4th 835, 841–843.)

In addition, section 388, subdivision (a), provides that a parent "may, upon grounds of change of circumstance or new evidence, petition the court . . . for a hearing to change, modify, or set aside any order of court previously made . . . ." For a petition to succeed, a parent must present new evidence or circumstances that justify modifying a court's prior order. (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1228.) The trial court may choose to summarily deny the petition without a hearing if the court finds that the petition "fails to state a change of circumstance or new evidence that may require a change of order" or "that the requested modification would promote the best interest of the dependent child." (Cal. Rules of Court, rule 5.570(d).)

Mother has presented a detailed account of the case's history presenting her perspective, but her brief identifies no arguable issues on appeal. Mother has not presented an arguable issue that the facts at issue in this appeal were the result of a fraud between the maternal grandmother and the DCFS. In addition, Mother has not presented any appealable issue regarding her rights under the federal equal protection clause. Similarly, while Mother has changed counsel at least twice during the case, there is no arguable issue that the trial court improperly interfered with her choice of counsel. Last, there is no arguable issue about whether the trial court allowed the children to decide if visits would take place.

Finally, Mother's appellate counsel seeks judicial notice for the trial court's postappeal order regarding the DCFS's Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) investigation, and no party has opposed the request. In the order, which is styled as a stipulated order filed at the request of the parties, the trial court orders that "DCFS shall interview/attempt to interview all family members about whether there is any American Indian ancestry in the family" and make appropriate reports to the court. While this trial court order does not relate to any issues that Mother identified in her supplemental brief, it is relevant to appellate counsel's determination that there are no arguable issues on appeal, and we grant the request for this limited purpose. (*In re M.F.* (2022) 74 Cal.App.5th 86, 110, review denied Apr. 27, 2022, S273387 [judicial notice is appropriate for postappeal court orders when relevant to mootness determinations].)

## DISPOSITION

We dismiss the appeal.



VIRAMONTES, J.


WE CONCUR:




STRATTON, P. J.




WILEY, J.